UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMAP USA CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 23-11459-FDS |
| ) | |
| INTERNATIONAL UNION OF ) | |
| PAINTERS AND ALLIED TRADES, ) | |
| DISTRICT COUNCIL 35, and NEW ) | |
| ENGLAND PAINTING, FINISHING & ) | |
| GLAZING INDUSTRIES DC 35 ) | |
| JOINT TRADE BOARD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS**

**SAYLOR, C.J.**

This is an action to vacate an arbitration award. Plaintiff SAMAP USA Corp. brought suit against defendants International Union of Painters and Allied Trades, District Council 35, and New England Painting, Finishing & Glazing Industries DC 35 Joint Trade Board to vacate a May 30, 2023 arbitration award issued by the DC 35 Joint Trade Board. SAMAP has moved to stay the litigation pending the outcome of a National Labor Relations Board § 10(k) proceeding. For the following reasons, the motion will be granted.

**I.  Background**

    **A.  Factual Background**

SAMAP USA Corp. is a "subcontractor in the construction industry that contracts with general contractors to install millwork." (Compl. ¶ 1). It is a signatory to a "national collective

bargaining agreement with the United Brotherhood of Carpenters and Joiners of America" as well as a signatory to a collective bargaining agreement between Window & Plate Glass Dealers Association of New York, Inc. and "District Council No. 9 ('DC 9'), Glaziers Local Union No. 1087 of the International Union of Painters and Allied Trades ('IUPAT')." (*Id.* at ¶ 7, 10-11). SAMAP alleges that "it is not and has never been a party to a collective bargaining agreement with DC 35." (*Id.* at ¶ 12). Moreover, it "is not and has never been a party to any agreement through which it agreed to submit disputes for resolution to the DC 35 Joint Trade Board." (*Id.* at ¶ 13).

In January 2023, SAMAP was awarded a contract involving the "installation of a millwork package" at the Raffles Hotel in Boston, Massachusetts, including the "installation of doors, shower doors, a library wall, and library shelves." (*Id.* at ¶ 17-18, 20). SAMAP "employed carpenters to perform the work." (*Id.* at ¶ 22).

In late January and early February, DC 35 contacted SAMAP several times requesting that it "'remove the carpenters' and 'use glaziers' for the installation projects at the Raffles Hotel." (*Id.* at ¶ 14-16, 23-24). On February 22, 2023, SAMAP alleges that it received notice at 7:47 p.m. for the first time that a "DC 35 Joint Trade Board meeting involving SAMAP would take place the following morning at 9:15 a.m." (*Id.* at ¶ 30). In fact, SAMAP contends that it never "received a copy of DC 35's grievance against SAMAP" or "received a copy of DC 35's collective bargaining agreement purporting to apply to the work at issue" prior to that date (*Id.* at ¶ 32-33). It was only "eleven days after the hearing before the DC 35 Joint Trade Board" on March 6, 2023, that SAMAP received a copy of DC 35's grievance. (*Id.* at ¶ 42). The grievance indicated that SAMAP had violated Article II, Section 2; Article XVIII, Section 1; and Article XVIII, Section 3 of a collective bargaining agreement that SAMAP allegedly had "never seen,

been a party to, or otherwise assented to." (*Id.* at ¶ 44).  Nevertheless, the DC 35 Joint Trade Board "found SAMAP 'guilty' of these infractions by way of an arbitration award rendered on May 30, 2023." (*Id.* at ¶ 45).

In June 2023, SAMAP, DC 9, DC 35 and the North Atlantic States Regional Council of Carpenters appeared before the National Labor Relations Board ("NLRB") for a three-day § 10(k) hearing concerning "the 'installation of shower door enclosures' at the Raffles Hotel." (*Id.* at ¶ 46-47).  SAMAP contends that if the NLRB "determine[s] that the North Atlantic States Regional Council of Carpenters properly claimed jurisdiction over the work in dispute and that SAMAP properly assigned the work in dispute to the Carpenters," such a ruling would "'preempt' application of the DC 35 collective bargaining agreement and render the DC 35 Joint Trade Board's May 30, 2023, arbitration award void and unenforceable." (*Id.* at ¶ 48-49).

**B.**     **Procedural History**

On June 29, 2023, SAMAP filed a complaint and petition for an order vacating the arbitration award rendered by the DC 35 Joint Trade Board.  It also sought relief pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *et seq*.  On July 26, 2023, defendants filed a counterclaim to enforce the arbitration award.

Plaintiff has moved to vacate the arbitration award or, in the alternative, stay the matter pending the outcome of the parties' § 10(k) hearing before the NLRB.  Defendants have not opposed the motion.

**II.**     **Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition and causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  "[A] typical

reason" to stay a case "is the pendency of a related proceeding in another tribunal." *Hewlett-Packard Co., Inc., v. Berg*, 61 F.3d 101, 105 (1st Cir 1995). When a common issue exists across two "overlapping" suits, courts may stay one case to avoid "duplication of effort and potentially inconsistent judgments." *Acton Corp. v. Borden*, 670 F.2d 377, 382 (1st Cir. 1982) (Breyer, J.). Courts must also "weigh the competing interests" of the parties and "the court's interest in efficient procedures." *Taunton Gardens Co. v. Hills*, 557 F.2d 877 (1st Cir. 1977).

### III.     Analysis

Plaintiff has moved to vacate the arbitrator's decision or, in the alternative, stay the case pending the NLRB's ruling on the parties' §10(k) hearing. Here, a stay is appropriate in order to conserve resources and avoid duplicative litigation.

The action before this court is in its earliest stages; no parties have expended resources and attention on discovery. By contrast, SAMAP, DC 9, DC 35, and the Carpenters' Union have already appeared for three days of § 10(k) proceedings before the NLRB. (Docket No. 19, 26). In addition, the parties have submitted post-hearing briefs to the NLRB. (*Id.*). As a result, the NLRB action will likely resolve the parties' dispute substantially faster than this action.

Risk of inconsistent judgments is also a genuine concern. Without a stay, the same parties will be involved multiple actions at the same time, based on the same basic set of facts, which conceivably could lead to inconsistent outcomes. As SAMAP explains, "the work at issue before the NLRB is the same work that was at issue before the DC 35 Joint Trade Board, and . . . the same work that is at issue here." (Docket No. 19, 26). There is no need for a "headlong race" to resolve "substantially the same issues" under contention in the NLRB action. *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, 86 F. Supp. 3d 35, 37 (D. Mass. 2015) (granting a stay in a trademark infringement case pending resolution of an earlier-filed action at

the United States International Trade Commission).

Finally, a stay in this action will ensure "efficient procedure[]," as an "NLRB ruling in favor of the Carpenters' Union would obviate the need for the Court to adjudicate this motion or otherwise preside over the case" in the first place.  *Taunton*, 557 F.2d at 879 (1977); (Docket No. 19, 27).

### IV.     Conclusion

For the foregoing reasons, plaintiff's motion to stay is GRANTED.  Plaintiff's motion to vacate is DENIED as moot without prejudice.


**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated: January 3, 2024 | Chief Judge, United States District Court |